FILED
2012 Apr-10  AM 09:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **NEAL NORWOOD, and** | ) | |
| **SHEILA NORWOOD,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-11-S-3710-NE** |
| | ) | |
| **TRACTOR SUPPLY** | ) | |
| **COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on plaintiffs' original motion to remand,[1] and subsequently-filed "Motion to Amend and Renewed Motion to Remand."[2] Plaintiffs, Neal Norwood and Sheila Norwood, commenced this premises liability action in the Circuit Court of Lawrence County, Alabama, to recover for injuries Neal Norwood allegedly suffered in a store owned and operated by defendant, Tractor Supply Company, Inc.[3] Defendant removed the case to this court on the basis of the parties' apparent diversity of citizenship.[4] *See* 28 U.S.C. § 1332(a)(1). Plaintiffs' original motion to remand (doc. no. 6) will be denied as moot, and the remainder of this

---

[1] Doc. no. 6 (Motion for Remand).

[2] Doc. no. 10 (Motion to Amend and Renewed Motion to Remand).

[3] *See* doc. no. 1-1 (State Court File), at 2, 3-8.

[4] *See* doc. no. 1 (Notice of Removal), at 4.

opinion will address the merits of their subsequently-filed motion to amend the complaint to add additional defendants, and to remand the case to the Circuit Court of Lawrence County (doc. no. 10).

## I.  SUMMARY OF THE FACTS AS ALLEGED AND PROCEDURAL HISTORY

Plaintiffs allege that, in April of 2011, following a tornado that ravaged Lawrence County, Alabama, the majority of the county was without electricity.[5] Defendant owned and operated a retail store in the City of Moulton in Lawrence County, Alabama, and that store also was without electricity and, thus, without lighting.[6]  Due to the circumstances prevailing in the wake of the devastating storm, the store had a special shipment of generators delivered to it, and offered those generators for sale to the public.[7]  There were far more people desiring to purchase a generator than the supply then available, however.  Therefore, customers were given numbers outside the store, on a first-come-first-serve basis.[8]  When a customer's number was called, he or she was led into the unlighted store to pay for the generator at the cash register.[9]

---

[5] *See* doc. no. 11 (Proposed Amended Complaint), at 2.

[6] *See id.*

[7] *See id.*

[8] *See id.*

[9] *See id.*

Plaintiff Neal Norwood was one such customer.  While inside the semi-dark store, he tripped over an object and fell, suffering injuries.[10]  Plaintiffs assert that defendant negligently left the object over which Neal Norwood tripped and fell on the floor of the store in a dangerous location, and negligently allowed or directed him "to enter its building and premises without any lighting and without proper direction and safeguards."[11]

Plaintiffs commenced this action in the Circuit Court of Lawrence County, Alabama on September 16, 2011.[12]  In addition to Tractor Supply Company, Inc., plaintiffs described a number of fictitious defendants,[13] *including*

> those persons, corporations or other legal entities who were responsible for the care, maintenance and condition of Tractor Supply Company, Inc. doing business in the State of Alabama, County of Lawrence, City of Moulton, located at the Shopping Center at the intersection of Alabama Highway #157 and Court Street in Moulton, Alabama 35650 whose Alabama registered name is TSC Stores of Alabama, Inc.[,] on the occasion of the incident made the basis of this  lawsuit; . . . those persons, corporations or other legal entities who were acting individually or by and through their agents, servants[,] or employees, whose negligence proximately caused or contributed to the personal injuries and other damages to Plaintiffs on the occasion of the incident made the basis of this lawsuit; . . .[14]

---

[10] *See* State Court File, at 6; Proposed Amended Complaint, at 3-4.

[11] State Court File, at 5; *see also* Proposed Amended Complaint, at 3.

[12] *See* State Court File, at 2, 3, 8.

[13] *See id.* at 4-6.

[14] *Id.* at 5-6 (bracketed alterations and ellipses supplied).

3

Defendant removed the case to this court on October 24, 2011,[15] asserting federal jurisdiction on the basis of the parties' diversity of citizenship, because plaintiffs are residents of Alabama and defendant is a citizen of Delaware, the place of its incorporation, and its principal place of business is in Tennessee.[16] Defendant alleged, based on plaintiffs' medical bills, that the amount in controversy exceeds $75,000, exclusive of interests and costs.[17]

Plaintiffs first moved to remand the case to the Circuit Court of Lawrence County on November 23, 2011.[18] They argued that complete diversity was lacking because they had identified several fictitious defendants with such specificity that their citizenship affects the jurisdiction of this court, and that those defendants described fictitiously, like plaintiffs, are citizens of Alabama.[19] They also asserted that the amount-in-controversy required for diversity of citizenship jurisdiction was lacking.[20]

Two months later, plaintiffs filed a motion to amend their complaint and a

---

[15] *See* Notice of Removal, at 1.

[16] *See id.* at 5.

[17] *See id.* at 5-7; doc. no. 1-2 (Huntsville Hospital Lien).

[18] *See* doc. no. 6 (Motion for Remand).

[19] *See id.* at 5-9.

[20] *See id.* at 9-11.

renewed motion to remand.[21]  The motion to amend aks the court to allow plaintiffs to add as defendants several employees of the Moulton Tractor Supply store whose identities were not known to plaintiffs prior to discovery, including managers Tony Hastings and Diane Craig, and employees Cathy Johnson, Jami Anderton, Mariah Hensley, and Roger Culver (collectively "the employees").[22]  Plaintiffs assert that the employees are the persons they originally named as the fictitious defendants "who were responsible for the care, maintenance and condition" of the subject premises, and "whose negligence proximately caused or contributed to the personal injuries and other damages to Plaintiffs on the occasion of the incident made the basis of this lawsuit."[23]  Plaintiffs say they were unable to ascertain the identity of the employees prior to discovery, and that they first learned the names on January 23, 2012, when defendant responded to plaintiffs' interrogatories.[24]  Plaintiffs' proposed amended complaint states that each of the employees is a resident of the State of Alabama.[25] In addition, plaintiffs argue that diversity jurisdiction does not exist because the required amount-in-controversy is not satisfied.[26]

---

[21] Doc. no. 10 (Motion to Amend and Renewed Motion to Remand) (filed Feb. 7, 2012).

[22] *See id.* at 4-8, 10.

[23] *See id.*

[24] *See id.* at 3, 7.

[25] Proposed Amended Complaint, at 2-3.

[26] *See* Motion to Amend and Renewed Motion to Remand, at 5-11.

## II.  MOTION TO AMEND

"When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e)."  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).  That section provides:  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "A middle ground that Congress had been considering [at the time that § 1447 was under consideration, and] which would have allowed the joinder and at the same time allowed the court in its discretion to keep the case and decide it on its merits, was rejected."  David D. Siegel, *Commentary on 1988 Revision of Section 1447*, in 28 U.S.C. § 1447 (1994) (alteration supplied).  *See also Mayes*, 198 F.3d at 462 n.10; *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 675 (1st Cir. 1995).

"Under Section 1447(e), the actual decision on whether . . . to permit joinder of a defendant . . . is committed to the sound discretion of the district court."  *Mayes*, 198 F.3d at 462 (ellipses supplied).  That discretion is guided by four, non-exclusive factors described in *Hensgens v. Deere & Company*, 833 F.2d 1179 (5th Cir. 1987): that is, the court should consider:  (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether plaintiff has been dilatory

in asking for amendment"; (3) "whether plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." *Id.* at 1182; *see also, e.g.*, *Jones v. Rent-A-Center East, Inc*., 356 F. Supp. 2d 1273, 1276-77 (M.D. Ala. 2005) (applying the *Hensgens* factors to an analysis under § 1447(e)); *Smith v. White Consolidated Industries, Inc.*, 229 F. Supp. 2d 1275, 1279-82 (N.D. Ala. 2002) (same); *R.K. Services v. Spectrum Stores, Inc.*, 125 F. Supp. 2d 479, 481 (M.D. Ala. 2001) (same).

The *Hensgens* factors are designed to balance the interest in avoiding "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" against "the diverse defendant['s] . . . interest in retaining the federal forum." *Id.* (alteration and ellipses supplied). "In balancing the equities, the parties are not on equal footing, and the court should give consideration to [the defendant's] right to choose the federal forum." *Jones*, 356 F. Supp. 2d at 1277 (bracketed alteration supplied) (citing *Hensgens*, 833 F.2d at 1181).

Plaintiffs satisfy the first *Hensgens* factor: *i.e.*, their attempt to add non-diverse defendants is not merely an attempt to defeat federal jurisdiction. Plaintiffs sought to include the employees in their original complaint, but because they were unable to identify the employees without the aid of discovery, they were forced to resort to listing the employees as fictitious defendants. Now, aided by the information gained

7

through discovery, plaintiffs seek to add the persons employed in the Moulton store on the date Neal Norwood was injured as defendants. *See J.G. ex rel. Smiley v. Walgreens*, No. 2:09-cv-656-CSC, 2009 WL 2905558, *2 (M.D. Ala. Sept. 4, 2009) (where the plaintiff listed unidentified employees of the defendant business as fictitious defendants in a state court complaint, the court found that "the plaintiff expressed a present, real intent to pursue her" claims against those employees, and concluded that the plaintiff's motion to amend her complaint to substitute those employees for the fictitiously-described defendants was "not an attempt to defeat federal jurisdiction"); *Sharp v. Wal-Mart Stores, Inc.*, No. 06-0817-WS-C, 2007 WL 215644, *3 (S.D. Ala. Jan. 25, 2007) (finding that, where a plaintiff listed as fictitious defendants certain individuals allegedly responsible for the harm suffered, but whose identities were unknown at the time the state court complaint was filed, the plaintiff clearly intended at the inception of suit to sue those individuals, and "the proposed amendment would merely effectuate plaintiff's intent in this regard").

Plaintiffs also have satisfied the second *Hensgens* factor: they have not been dilatory in seeking leave to join the proposed defendants. Soon after commencing suit plaintiffs served interrogatories seeking the identities of the proposed defendants.[27] They moved to amend the complaint fifteen days after receiving

---

[27] *See* doc. no. 10 (Motion to Amend and Renewed Motion to Remand), at 3.

8

responses to those interrogatories.[28]  *See J.G. ex rel. Smiley*, 2009 WL 2905558, at *3 (finding that a plaintiff was "diligent in requesting leave to amend her complaint" where the plaintiff waited nine days after learning the names of the proposed defendants before seeking leave to amend the complaint).  Furthermore, plaintiffs moved to add the employees as defendants prior to the cutoff for the addition of parties provided in this court's Scheduling Order, as well as the cutoff agreed to by the parties in their Report of Parties' Planning Meeting.[29]  *See Jones*, 356 F. Supp. 2d at 1276 (finding that the plaintiff was diligent in seeking leave to amend the complaint where the plaintiff did so "within the time allowed by the Scheduling Order to file an amendment to the Complaint," and also "within the time agreed to by the Defendant in the Report of Parties' Planning Meeting to join additional parties.").

In weighing the third *Hensgens* factor — whether the plaintiffs will be significantly injured if the amendment is not allowed — the court must attempt to

---

[28] *See* Motion to Amend and Renewed Motion to Remand, at 1, 3.  Plaintiffs assert that the motion to add the employees as defendants was filed "11 days after receiving executed responses to [their] interrogatories." *Id.* at 7 (bracketed alteration supplied).  However, plaintiffs' calculation is incorrect.  Plaintiffs' motion was filed on February 7, 2012, and the motion states that they received the responses to the interrogatories on January 23, 2012. *See id.* at 3 ("Plaintiff [*sic*] received Tractor Supply's . . . responses to Plaintiff's [*sic*] Interrogatories on January 23, 2012).  Fifteen days, not eleven days, elapsed from January 23, 2012, to February 7, 2012.

[29] *See* doc. no. 15 (Scheduling Order), at 1 (entered March 19, 2012, and providing that parties may not be added as of that date); doc. no. 7 (Report of Parties' Planning Meeting) ¶ 5, at 3 (providing that "Plaintiff should be allowed until February 7, 2012, to join additional parties and to amend the pleadings.").

determine whether plaintiffs can be afforded complete relief in the absence of the amendment.  *See*, *e.g.*, *Jones*, 356 F. Supp. 2d at 1276-77.

Plaintiffs' claims against defendant rest upon a theory of *respondeat superior* liability.[30]  An Alabama employer is liable for the actions of its employees through the doctrine of *respondeat superior* only if the employees' actions were "within the line and scope" of their employment.  *Old Southern Life Insurance Co. v. McConnell*, 296 So. 2d 1283 (Ala. Civ. App. 1974); *see also, e.g.*, *Wells v. Henderson Land & Lumber Co.*, 76 So. 28, 29 (Ala. 1917); *Gassenheimer v. Western Railway of Alabama*, 57 So. 718, 719 (Ala. 1912).  Tractor Supply has not admitted that the responsible employees acted *within* the line and scope of their employment and, thus, may defend on the grounds that the responsible employees acted *outside* the line and scope of their employment.  If the employees are not present in this suit, and defendant successfully asserts that the employees acted outside the line and scope of their employment, plaintiffs will be denied relief, despite the fact that the employees may be individually liable to plaintiffs.  To recover against the employees, plaintiffs would then need to file parallel litigation in state court, and incur the costs and inconvenience of doing so.  For these reasons, the court finds that there is a risk of significant injury if the amendment is denied.  *See Jones*, 356 F. Supp. 2d at 1277

---

[30] Motion to Amend and Renewed Motion to Remand, at 8.

(finding that the potential for the defendant employer to disavow *respondeat superior* liability created a risk of significant injury if the plaintiff was not permitted to amend the complaint to add employees as defendants).

Finally, as previously noted, the defendant's right to choose a federal forum weighs against amendment.  *See Hensgens*, 833 F.3d at 1181.  On the other hand, considerations of the expense, waste of judicial resources, and risk of inconsistent results that would result from denying the amendment and requiring plaintiffs to initiate parallel litigation in state court in order to recover from the employees weigh in favor of allowing the amendment.  *See id.* at 1182 (stating that one interest to be considered is "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources"); *Sharp*, 2007 WL 215644, at *5 ("[T]he Court observes that the interests of efficiency and judicial economy strongly favor litigating all of [the plaintiff's] claims relating to the . . . incident in a single lawsuit.") (bracketed alterations supplied).

In summary, a consideration of all information presented leads to a conclusion that the equities weigh in favor of permitting plaintiffs to amend the complaint, and to add Tony Hastings, Diane Craig, Cathy Johnson, Jami Anderton, Mariah Hensley, and Roger Culver as defendants.

### III.  MOTION TO REMAND

A removing defendant bears the burden of proving that federal jurisdiction exists.  *See, e.g.*, *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). Moreover, removal statutes must be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Tractor Supply removed this case on the basis of the original parties' diversity of citizenship.  For diversity jurisdiction to exist, the parties must be completely diverse — *i.e.*, no plaintiff can be a citizen of the same state as any defendant — and the amount-in-controversy must exceed $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a)(1).

Plaintiffs' amended complaint states that the employee defendants are all "resident[s] of the State of Alabama."[31]  Defendant retorts that "Plaintiffs have not presented any *evidence* regarding the residency of said proposed additional defendants";[32] but, as the removing party, *defendant* is the party which "bears the

---

[31] Doc. no. 11 (Proposed Amended Complaint), at 2-3 (bracketed alteration supplied).

[32] *Id.* at 1 (emphasis supplied).

12

burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n. 4 (11th Cir. 1998) (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).   As the employer of the employee defendants, Tractor Supply Company presumably has ample evidence of their residency and citizenship.   Even so, defendant presents no evidence of the residency of the employees, and does not dispute whether they are citizens of Alabama.   Moreover, inasmuch as each of the persons named as additional defendants in plaintiffs' amended complaint are employed by defendant in its Moulton, Alabama retail store, they most likely reside near their place of employment.   Moulton is a significant distance from the nearest state line[33] and, thus, the employees most likely are citizens of Alabama.   In the absence of any argument or evidence to the contrary, and in light of the fact that all uncertainties as to removal jurisdiction are to be resolved in favor

---

[33] *See* doc. no. 9 (Reply in Support of Motion for Remand), at 3 n.1.  Also, the court takes judicial notice of the distance and travel time between the store in Moulton, Alabama and the nearest state lines, the borders between Alabama and Mississippi and Alabama and Tennessee.  *See* Fed. R. Evid. 201(b) & (c); *see also Nascone v. Spudnuts, Inc.*, 735 F.2d 763, 773 (3d Cir. 1984) (taking judicial notice of the distance between two locations); *Pearson v. United States*, 150 F.2d 219, 221 (10th Cir. 1945) (same).  Using the "Google Maps" program, the approximate distance and travel time for the fastest projected route from the Tractor Supply store located "at the intersection of Alabama Highway #157 and Court Street in Moulton, Alabama" to the Tennessee state line are one hour and 51.7 miles of travel.  The approximate distance and travel time for the fastest projected route from that Tractor Supply store to the Mississippi state line are one hour and three minutes and 52.7 miles of travel.  *See* Google Maps, http://maps.google.com (calculated using the intersection of Alabama Highway 157 and Court Street in Moulton Alabama as the starting point, and the Tennessee state line on Interstate 65 and the Mississippi state line on 4th Avenue South off of Alabama Highway 24 outside Red Bay, Alabama as the respective end points) (last visited March 29, 2012).

of remand, this court must conclude that the defendant employees are citizens of Alabama.

Thus, complete diversity does not exist because plaintiffs are citizens of Alabama and the employee defendants — Tony Hastings, Diane Craig, Cathy Johnson, Jami Anderton, Mariah Hensley, and Roger Culver — also are citizens of Alabama.  Absent complete diversity, this court does not have diversity of citizenship jurisdiction, and this action should be remanded to the state court for lack of subject matter jurisdiction.

## IV.  COSTS AND EXPENSES

Plaintiffs move this court, pursuant to 28 U.S.C. § 1447(c), to "order the removing defendant, Tractor Supply Company, Inc., and their attorneys to pay all Plaintiffs' costs and expenses, including attorney's fees, incurred because of the wrongful removal of this action."[34]

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The issue of whether to award costs and expenses incurred as a result of removal is a matter within the discretion of the district court.  *See IMCO*

---

[34] Doc. no. 10 (Motion to Amend and Renewed Motion to Remand), at 10; *see also id.* at 4-5; doc. no. 6 (Motion for Remand), at 12.

14

*USA, Inc. v. Title Insurance Co. of Minnesota*, 729 F. Supp. 1322, 1323 (M.D. Fla. 1990).

Generally, courts only award costs and expenses when the removing defendant acted unreasonably based on the information available at the time of removal.  *See Johnston Industries, Inc. v. Milliken & Co.*, 45 F. Supp. 2d 1308, 1315 (M.D. Ala. 1999) ("The standard that has emerged is whether 'the defendants in this action acted reasonably on the basis of the information available at the time of removal.'") (quoting *Howard Griggs Trucking, Inc. v. American Central Insurance Co.*, 894 F. Supp. 1503, 1510 (M.D. Ala. 1995)); *Publix Supermarkets, Inc. v. United Food & Commercial Workers*, 900 F. Supp. 419, 422 (M.D. Fla. 1995) (awarding the plaintiff the costs and expenses incurred seeking remand because federal subject matter jurisdiction was "patently lacking" at the time of removal).[35]

---

[35] In line with this standard, the case law has been summarized as follows:

> For many courts the main consideration seemed to be the nature of the defect in the attempted removal and where the removal seemed to fall on a spectrum running from reasonable to frivolous.  District courts were and remain inclined to order the payment of costs and fees under Section 1447(c) when the non-removability of the action should have been obvious and thus the filing of the notice [of removal] clearly was improper, or when a second notice of removal was filed unnecessarily. Conversely, district courts generally deny an award of costs and fees when the removing defendants had plausible reason to believe that the removal was proper.

Charles Alan Wright, Arthur R. Miller, *et al.*, 14C *Federal Practice & Procedure* § 3739 (4th ed.) (bracketed alteration supplied, footnotes omitted).

On the date this case was removed, the individual defendants were not yet parties to this suit, and plaintiffs had not yet moved to join those defendants. Thus, plaintiffs' contention that costs and expenses should be awarded rests on their assertions that removal was improper because plaintiffs had identified non-diverse, fictitious defendants with sufficient specificity, and, the amount-in-controversy requirement was not satisfied.

## A.    Fictitious Defendants Described with "Specificity"

The question of whether the citizenship of fictitious defendants can be described with sufficient specificity as to make it clear that diversity jurisdiction does *not* exist under 28 U.S.C. § 1332, is an unresolved issue of law. Additionally, even if this court were to find that the citizenship of fictitious defendants may be considered, the plaintiffs' contention that they identified the fictitious defendants with the required degree of specificity is open to dispute. For those reasons, this court cannot say that defendant acted unreasonably when removing this case, despite the presence of fictitious defendants who allegedly were citizens of Alabama. Indeed, the removal statute, 28 U.S.C. § 1441, explicitly provides that "the citizenship of defendants sued under fictitious names *shall be* disregarded." 28 U.S.C. § 1441(b)(1) (emphasis supplied). Additionally, there generally is no fictitious party practice in federal court. *See*, *e.g.*, *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)

16

("As a general matter, fictitious-party pleading is not permitted in federal court.");
*New v. Sports & Recreation, Inc*., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) (noting
that plaintiff "conceded that fictitious party practice is not permitted in federal court
and, thus, her failure to name the parties required that the court strike the parties").

The Eleventh Circuit has recognized "a limited exception to [the rule against
*pleading* fictitious parties] when the plaintiff's description of the defendant is so
specific as to be 'at the very worst, surplusage.'"  *Richardson*, 598 F.3d at 738
(bracketed alteration and emphasis supplied) (quoting *Dean v. Barber*, 951 F.2d
1210, 1215-16 (11th Cir. 1992)).  Even so, the Eleventh Circuit has not considered
whether this exception to the general rule prohibiting *pleading* fictitious parties
creates an exception to the rule of 28 U.S.C. § 1441(b)(1) prohibiting the
consideration of *the citizenship of* fictitious parties in determining whether
jurisdiction exists.

Plaintiffs argue that district courts have recognized such an exception to 28
U.S.C. § 1441(b)(1), whereby the citizenship of fictitious defendants identified with
"sufficient specificity" may be considered and, thus, destroy diversity of citizenship
jurisdiction.[36]  Plaintiffs cite the following district court decisions in support of that
argument:  *Marshall v. CSX Transportation Co.*, 916 F. Supp. 1150, 1152 (M.D. Ala.

---

[36] *See* Motion to Amend and Renewed Motion to Remand, at 9; Motion for Remand, at 5-9.

17

1995);  *Brown v. Transouth Financial Corp.*, 897 F. Supp. 1398 (M.D. Ala. 1995);

*Lacy v. ABC Insurance Co.*, No. Civ. A. 95-3122, 1995 WL 688786 (E.D. La. Nov.

17, 1995); *Tompkins v. Lowe's Home Center, Inc.*, 847 F. Supp. 462 (E.D. La. 1994).

It should be noted, however, that neither of the cases decided by district courts within

the Eleventh Circuit relied on the exception to the bar on *pleading* fictitious parties

recognized by the Eleventh Circuit in order to find an exception to 28 U.S.C. §

1441(b)(1).

On the other hand, many district courts within and outside the Eleventh Circuit

have found that the language of 28 U.S.C. § 1441(b)(1) is *not* subject to such an

exception.  *See*, *e.g.*, *Howell v. Circuit City*, 330 F. Supp. 2d 1314, 1317 (M.D. Ala.

2004); *Whiddon v. Wal-Mart Stores, Inc.*, No. Civ. 04-2072, 2005 WL 14912, *2

(E.D. La. Jan. 3, 2005).

Indeed, when the plain meaning of a statute is clear, the court must give effect

to its language.  *See United States v. Blue Cross and Blue Shield of Alabama, Inc*.,

156 F.3d 1098, 1111 (11th Cir. 1998) ("When the language of a statute is

unambiguous, we are bound to give it its plain meaning . . . .").  Courts finding that

28 U.S.C. § 1441(b)(1) is not subject to an exception for specifically identified

fictitious defendants have held that the meaning of 28 U.S.C. § 1441(b)(1) is clear:

fictitious defendants "*shall be disregarded*" for purposes of diversity of citizenship

jurisdiction. 28 U.S.C. § 1441(b)(1) (emphasis supplied); *see also Howell*, 330 F. Supp. 2d at 1317 ("This court considers the clear language of the statute to be dispositive of the issue."); *Whiddon*, 2005 WL 14912, at *2 ("The Court is not persuaded that the unambiguous language 'shall be disregarded' allows for the proposed exception.").

## B.    Amount-in-Controversy

Plaintiffs also argue that removal was improper because the amount-in-controversy requirement was not satisfied. In assessing the weight of that contention, the court must focus upon the amount that was in controversy *on the date the case was removed from state court. See Burns*, 31 F.3d at 1097 n.13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*.") (emphasis in original) (citations omitted); *see also*, *e.g.*, *Leonard*, 279 F.3d at 972 (same) (citing *Poore v. American-Amicable Life Insurance Co. of Texas*, 218 F.3d 1287, 1289-91 (11th Cir. 2000)); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (same).

Whenever a plaintiff "fails to specify *the total amount* of damages demanded" in a state court complaint — *either* by demanding a specific sum in compensatory damages, but an indefinite amount as punitive damages, *or* by not designating any amounts at all (*e.g.*, "compensatory and punitive damages in such amounts as the jury

may award") — then "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard*, 279 F.3d at 972 (emphasis supplied) (citing *Tapscott*, 77 F.3d at 1356-57 ("[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement.") (bracketed alterations supplied), *overruled on other grounds by Cohen*, 204 F.3d 1069)).

Here, plaintiffs' complaint does not state a specific amount claimed as damages, but it does assert that plaintiffs suffered the following injuries:

a.    Neal Norwood has been caused to fall and break his hip and suffer sprains, strains, bruises and contusions and other injuries requiring emergency medical treatment, surgery and prolonged medical and hospital care;

b.    Neal Norwood has been caused to suffer mental, as well as physical, pain and suffering;

c.    Neal Norwood has expended and will be caused in the future to expend sums of money in the nature of doctor, hospital, nursing home, drug and other expenses in and about the effort to cure and heal his injuries;

d.    Neal Norwood has been permanently injured;

e.    Neal Norwood has been caused to lose income; and

      f.     Neal Norwood who suffers from cancer and life threatening illness and was undergoing important and necessary treatments for the same was caused to delay those treatments for a substantial period of time in order to be treated for his broken hip and other injuries suffered in the fall and has thereby suffered additional injuries and loss of health and emotional suffering.

. . .

      a.     Sheila Norwood has been caused to lose the society, services and conjugal relations of her husband;

      b.     Sheila Norwood has incurred and will incur in the future expenses for hospital bills, doctor bills, and pain medications in and about an effort to cure Plaintiff, Neal Norwood's, injuries.[37]

Defendant attached to its notice of removal evidence of one of plaintiffs' medical bills, a Huntsville Hospital lien in the amount of $73,372.37. In mitigation of that amount, plaintiffs assert that the lien includes the cost of "*elective* surgery to treat an abdominal aneurism *in addition* to treatment for [Neal Norwood's] injuries suffered as a result of the incident giving rise to this litigation."[38] However, the lien only states the name of the patient (Neal Norwood), the date the patient was admitted to the hospital (April 20, 2011), the date the patient was discharged from the hospital (May 3, 2011), and the total amount due ($73,372.27).[39] The lien *does not provide*

---

[37] Doc. no. 1-1 (State Court File), at 6-7.

[38] Doc. no. 9 (Reply in Support of Motion for Remand), at 5 (bracketed alteration supplied, emphasis in original).

[39] Doc. no. 1-2 (Huntsville Hospital Lien), at 2.

an itemized list of charges and procedures.[40]   Thus, there is no indication that

defendant knew, or should have known, on the date of removal that a portion of the

medical expenses were unrelated to the injuries at issue in this case, if that is, in fact,

true.

In conclusion, this court cannot say that defendant was unreasonable in

asserting that plaintiffs' claims for damages in the form of mental and physical pain

and suffering, lost income, and future medical care, among other damages, would not

exceed $1,627.73 and, thereby, not exceed the $75,000 jurisdictional threshold .

Thus, both of plaintiffs' arguments fail to show that defendant's removal of this

case to federal court was improper or unreasonable, and this court denies plaintiffs'

prayer for an award of costs and expenses incurred responding to defendant's removal

of this case.

## V.  CONCLUSION

For the foregoing reasons, plaintiffs' original motion to remand is DENIED as

moot.[41]   Further, plaintiffs' subsequent motion to amend the complaint and their

renewed motion to remand is GRANTED IN PART and DENIED IN PART.[42]   The

Clerk is directed to detach plaintiffs' amended complaint attached to the motion to

---

[40] *Id.*

[41] Doc. no. 6.

[42] Doc. no. 10.

amend the complaint and renewed motion to remand, and file it as a separate item on the docket.  After that is done, it is ORDERED that this action be, and the same hereby is, REMANDED to the Circuit Court of Lawrence County, Alabama, from which it was removed.  The Clerk is directed to send a certified copy of this order of remand to the clerk of the state court.  Costs incurred herein are taxed as paid.  The Clerk is directed to close this file.

DONE and ORDERED this 10th day of April, 2012.

United States District Judge

23